■ TENAVISION, INC., Respondent, v CARL H. NEUMAN, Individually and Doing Business as JAMES SQUARE NURSING HOME, et al., Appellants.—Judgment, Supreme Court, New York County, entered November 20, 1975, after a nonjury trial, awarding judgment in favor of plaintiff and dismissing the defendant's counterclaim, unanimously reversed, on the law, and vacated, the complaint dismissed, and the matter severed and remanded for a trial on the counterclaim solely on the issue of damages, with $60 costs and disbursements to appellants. Tenavision, Inc., is in the business of supplying televisions and related equipment to commercial establishments such as nursing homes, hospitals, hotels, and motels. Tenavision made an agreement in 1970 with Carl H. Neuman which provided that it would install a remote-control television wiring system in the James Square Nursing Home in Syracuse, New York, which was then under construction. In addition thereto, three written agreements provided for the leasing of a total of 140 black-and-white television sets and four color television sets for a period of five years, at the end of which time Neuman had an option to purchase the equipment. The wiring was completed; however, defendant allegedly refused delivery of the television sets. Tenavision suggested that in settlement of its claims Neuman should lease only 35 television sets, but this offer was rejected. Tenavision sued alleging four causes of action. The first was for recovery of the cost of the wiring work; the second for loss of profits on the three written agreements; the third for counsel fees; and the fourth for recovery against Continued Care, Inc., as the guarantor of the contracts. In his amended answer, Neuman also asserted a counterclaim for damages arising from Tenavision's breach of contract. Summary judgment was granted on the first cause of action and the remaining three causes were severed and are the subject of this appeal. Each of the agreements signed specifically provided that Tenavision would not "file or cause to be filed a UCC-1 form covering this agreement." At the trial, it developed that manufacturers and suppliers of television sets required a security agreement and filing of a UCC-1 form prior to delivery. Tenavision made repeated requests of Neuman to have the UCC-1 forms executed. However, the reason for having the clause inserted in the lease agreements and the continued refusal to execute the forms was that, in the opinion of the defendants, since the nursing home under construction was being financed by the FHA (which prohibited any secondary financing), the filing of UCC-1 forms would constitute such financing and would therefore violate FHA regulations. In any event, the contract specifically provided that no UCC-1 forms would be filed. After trial, the court found in favor of Tenavision on the first of the three lease agreements which required the delivery of 35 television sets. We disagree. While it is true that three separate agreements were signed, they should be considered as one unit rather than three discrete contracts. They were signed on even date and the parties treated the transaction as one covering the leasing of the total number of sets. More importantly, Tenavision failed to prove at trial that it was indeed able to supply the televisions without the secondary financing evidenced by the filing of UCC-1 forms. There was no evidence introduced of any purchase order for the number of sets provided in the contract. There was no proof that Tenavision itself had the sets in stock to fulfill the terms of the lease agreements. There was no tender of the sets by Tenavision (see Uniform Commercial Code, § 2-503). In view of Tenavision's inability to deliver the television sets under the terms of the contract, judgment should have been entered in favor of the defend-

ants and the complaint dismissed. Furthermore, in view of Tenavision's breach of the contract, the defendant Neuman is entitled to judgment on his counterclaim for damages arising from the breach of contract. We have accordingly remanded this matter for a hearing to determine the extent of those damages. Concur—Murphy, J. P., Lupiano, Silverman and Lane, JJ.